| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Franklin Przyborski, §
§
      Plaintiff, §
§
versus §      Civil Action H-09-471
§
Michael Astrue, §
§
      Defendant. §

## Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Franklin Przyborski is not disabled under the Social Security Act. It does.

Under 42 U.S.C. § 205(g), Przyborski brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits. Both sides have moved to summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether the record has substantial evidence to support the commissioner's decision and whether the commissioner applied the proper legal standards to evaluate the evidence. *See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994); Anthony v. Sullivan, 954 F2d 289, 282 (5th Cir. 1992).*

A decision unsupported by substantial evidence must be overturned. *Substantial evidence* is a level of proof that a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales, 402 U.S. 389, 401 (1971).* A decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. U.S. Const. amend. V.

3. *The Statutory Criteria.*

A claimant is not entitled to disability insurance unless he is unable to work due to a medically determinable impairment that has lasted for at least twelve months. 42 U.S.C. § 423 (d)(1)(A). A claimant who is not engaged in substantial gainful activity and has a severe impairment listed in Appendix 1 of the regulations is considered disabled. 20 C.F.R. 404.1520(d), 404.1525, and 404.1526. Otherwise, the commissioner evaluates the claimant's residual functional capacity to work by considering the limiting effects of any medically determinable impairments. 20 C.F.R. § 404.1520(e). Where medical evidence does not corroborate these limitations, the commissioner must assess the credibility of the claimant's statements. *See* 20 C.F.R. § 404.1529(c). If the claimant has the capacity to perform his past relevant work, he is not considered disabled. 20 C.F.R. § 404.1520(f). If not, the commissioner must show that the claimant can do other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1512(g) and 404.1560(c).

4. *Evidence*

   A.  *Disability*

Franklin Przyborski is a 46-year-old man who claims a disabling combination of back disorder, depression, shoulder pain, pain disorder, headaches, and a compressed spine.

Albert Oguejiofor, M.D., a medical expert, testified that Przyborski did not suffer from a spine disorder because he did not have any neurological deficits and retained the residual functional capacity for light work. In March 2005, a neurological examination showed that Przyborski's motor power was 4/5, his coordination was normal, his deep tendon reflexes were equal, and there were no tremors, lack of muscle coordination, or wasting away of body tissue.

In March 2006, Louis Bernstein, M.D., found that there was no evidence of wasting away of body tissue, his muscles were normal, and there was no elbow or wrist tenderness. Przyborski's treating physician, Richard Evans' testimony that Przyborski was "unable to do anything" and was functionally limited is not controlling because it is inconsistent with other substantial evidence.

Przyborski testified that he routinely takes care of his personal needs, prepares meals, sweeps, and drives. These activities contradict a claim for extreme loss of function and would not be possible for someone with major joint dysfunction.

Glenn F. Sternes, Ph.D, testified that Przyborski did not "have anything in the manic

area of the bipolar area." He also testified that Przyborski's pain disorder does not satisfy the diagnostic criteria to meet or equal listing 12.07. The hearing officer properly considered Dr. Sternes's testimony to find Przyborski was not functionally limited due to these impairments.

### B. Ability to Work

The hearing officer considered the findings of the vocational expert who testified that Przyborski could perform his past relevant job as a windshield repairman and as a drill press operator, bench assembler, and hand tool repairman. Because Przyborski could perform work at the light exertional level including the ability to lift 20-pounds occasionally and 10-pounds frequently, do a good deal of walking, standing or sitting, and do some pushing or pulling of arm or leg controls; the hearing officer concluded he was not disabled.

5. *Conclusion.*

The commissioner's denial of Przyborski's claim for disability insurance benefits is supported by substantial evidence. It will be affirmed.

Signed on December 23, 2009, at Houston, Texas.

Lynn N. Hughes
United States District Judge